1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID L. MANNING, JR.,                    CASE NO. 1:16-cv-00551-MJS (PC)

12                      Plaintiff,             **ORDER DISMISSING COMPLAINT WITH
                                               LEAVE TO AMEND**
13          v.
                                               **(ECF NO. 1)**
14   M. STAINER, et al.,
                                               **AMENDED COMPLAINT DUE WITHIN
15                      Defendants.            THIRTY (30) DAYS**

16

17

18

19

20          Plaintiff is a civil detainee proceeding pro se and in forma pauperis in this civil

21   rights action brought pursuant to 42 U.S.C. § 1983. His complaint is before the Court for

22   screening.

23   **I.      SCREENING REQUIREMENT**

24          The in forma pauperis statute provides, "Notwithstanding any filing fee, or any

25   portion thereof, that may have been paid, the court shall dismiss the case at any time if

26   the court determines that . . . the action or appeal . . . fails to state a claim upon which

27   relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

28

1    **II.    PLEADING STANDARD**

2        Section 1983 "provides a cause of action for the deprivation of any rights,

3    privileges, or immunities secured by the Constitution and laws of the United States."

4    Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).

5    Section 1983 is not itself a source of substantive rights, but merely provides a method for

6    vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94

7    (1989).

8        To state a claim under § 1983, a plaintiff must allege two essential elements:

9    (1) that a right secured by the Constitution or laws of the United States was violated and

10   (2) that the alleged violation was committed by a person acting under the color of state

11   law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d

12   1243, 1245 (9th Cir. 1987).

13       A complaint must contain "a short and plain statement of the claim showing that

14   the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

15   are not required, but "[t]hreadbare recitals of the elements of a cause of action,

16   supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

17   662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

18   Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief

19   that is plausible on its face." Id. Facial plausibility demands more than the mere

20   possibility that a defendant committed misconduct and, while factual allegations are

21   accepted as true, legal conclusions are not. Id. at 677-78.

22   **III.    PLAINTIFF'S ALLEGATIONS**

23       Plaintiff is detained at Atascadero State Hospital but complains of acts that

24   occurred at California Substance Abuse Treatment Facility ("CSATF") in Corcoran,

25   California. He names the following defendants: (1) M. Stainer, Director of the California

26   Department of Corrections and Rehabilitation, (2) CSATF Warden, (3) S. Fleming,

27   Correctional Counselor, (4) MDO Correctional Counselor, and (5) B. Kerr, LCSW.

28

1      Plaintiff's allegations may be summarized essentially as follows:

2      It appears that Plaintiff is detained at Atascadero State Hospital pursuant to

3   California Penal Code § 2960 et seq, which requires that certain offenders receive

4   treatment from the Department of State Hospitals as a condition of parole. Prior to

5   release from CSATF to Atascadero, Plaintiff requested a "burden of proof hearing"

6   pursuant to Penal Code § 2966(a). His request was denied.

7      Plaintiff also alleges that, during his incarceration, he was incorrectly certified as

8   an "MDO." However, this certification was based off a false crime report/probation report

9   used during his trial. His MDO certification was used in the decision to send him to

10  Atascadero.

11     Plaintiff has filed habeas corpus proceedings in state court and other state court

12  proceedings. He asks that the Court review all relevant documents and that he receive

13  monetary compensation.

14  **IV.   ANALYSIS**

15     Plaintiff's complaint challenges the bases for his confinement at Atascadero State

16  Hospital. The exclusive method for challenging the fact or duration of Plaintiff's

17  confinement is by filing a petition for a writ of habeas corpus. Wilkinson v. Dotson, 544

18  U.S. 74, 78 (2005). See 28 U.S.C. § 2254(a). Such claims may not be brought in a

19  section 1983 action. Nor may Plaintiff seek to invalidate the fact or duration of his

20  confinement indirectly through a judicial determination that necessarily implies the

21  unlawfulness of the State's custody. Wilkinson, 544 U.S. at 81. A section 1983 action is

22  barred, no matter the relief sought, if success in that action would necessarily

23  demonstrate the invalidity of confinement or its duration. Id. at 81-82; Heck v. Humphrey,

24  512 U.S. 477, 489 (1994) (unless and until favorable termination of the conviction or

25  sentence, no cause of action under section 1983 exists); Huftile v. Miccio-Fonseca, 410

26  F.3d 1136, 1140 (9th Cir. 2005) (applying Heck to SVPA detainees with access to

27  habeas relief).

28

1      Based on the information currently before the Court, it appears that Plaintiff's civil

2   rights claims in this action are absolutely barred. Instead, his claims must be brought in a

3   petition for a writ of habeas corpus. This defect does not appear capable of being cured

4   through amendment. Nevertheless, Plaintiff will be given **one opportunity** to amend his

5   complaint if he believes in good faith he can do so. If Plaintiff chooses to amend, he

6   must allege facts to show that his claims do not call into the question the validity of his

7   confinement.

8   **V.      CONCLUSION AND ORDER**

9      Plaintiff's complaint is barred by Heck v. Humphrey, 512 U.S. 477, 489 (1994).

10  The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson,

11  809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must

12  demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.

13  Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a

14  claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555 (2007)).

15  Plaintiff must also demonstrate that each named Defendant personally participated in a

16  deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

17     Plaintiff should note that although he has been given the opportunity to amend, it

18  is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th

19  Cir. 2007). Plaintiff should carefully read this screening order and focus his efforts on

20  curing the deficiencies set forth above.

21     Finally, Plaintiff is advised that Local Rule 220 requires that an amended

22  complaint be complete in itself without reference to any prior pleading. As a general rule,

23  an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d

24  55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no

25  longer serves any function in the case. Therefore, in an amended complaint, as in an

26  original complaint, each claim and the involvement of each defendant must be

27  sufficiently alleged. The amended complaint should be clearly and boldly titled "First

28

Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted;

2. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and a copy of his complaint, filed February 12, 2016;

3. Within thirty (30) days from the date of service of this order, Plaintiff must file a first amended complaint curing the deficiencies identified by the Court in this order or a notice of voluntary dismissal; and

4. If Plaintiff fails to file an amended complaint or notice of voluntary dismissal, the undersigned will recommend that the action be dismissed, with prejudice, for failure to comply with a court order and failure to state a claim.

IT IS SO ORDERED.

Dated:   April 29, 2016                      /s/ *Michael J. Seng*
                                              UNITED STATES MAGISTRATE JUDGE