UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LESLIE MANNING, JR.,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M. STAINER, et al.,<br><br>　　　　Defendants. | CASE NO. 1:16-cv-00551-MJS (PC)<br><br>**ORDER TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO PAY FILING FEE OR FILE APPLICATION TO PROCEED IN FORMA PAUPERIS, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 11)**<br><br>**FOURTEEN (14) DAY DEADLINE** |

　　Plaintiff is a state hospital detainee proceeding pro se in a civil rights action filed pursuant to 42 U.S.C. § 1983.

　　On March 7, 2016, Plaintiff filed an application to proceed in forma pauperis by a prisoner. (ECF No. 8.) On April 25, 2016, the Court ordered Plaintiff to file a non-prisoner application to proceed in forma pauperis or pay the $400 filing fee within thirty days. (ECF No. 11.) Plaintiff has not done so.

　　Additionally, on May 2, 2016, the Court screened Plaintiff's complaint and dismissed it with leave to amend on the ground his claims were barred by Heck v. Humphrey, 512 U.S. 477, 489 (1994). Plaintiff failed to file an amended complaint or

notice of voluntary dismissal as ordered by the Court and the time for doing so has passed.

A civil action may not proceed absent the submission of either the filing fee or a completed application to proceed in forma pauperis. 28 U.S.C. §§ 1914, 1915. Based on Plaintiff's failure to comply with the Court's order, dismissal of this action is appropriate. See In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 110.

Dismissal also is appropriate due to Plaintiff's failure to timely file an amended complaint. Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic

alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Accordingly, it is HEREBY ORDERED THAT:

1. Within fourteen (14) days of service of this Order, Plaintiff shall
    a. file an application to proceed in forma pauperis for a non-prisoner, or pay the $400 filing fee in full; and
    b. file a notice of voluntary dismissal or a first amended complaint; or
    c. show cause as to why this action should not be dismissed without prejudice;
2. If Plaintiff fails to comply with this order, the undersigned will dismiss the action without prejudice for failure to pay the filing fee or file a completed application to proceed in forma pauperis, failure to obey a court order, and failure to prosecute.

IT IS SO ORDERED.

Dated:   June 10, 2016           /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE

3