UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LESLIE MANNING, JR., <br><br> Plaintiff, <br><br> v. <br><br> M. STAINER, et al., <br><br> Defendants. | CASE NO. 1:16-cv-00551-LJO-MJS (PC) <br><br> **FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO PAY FILING FEE OR FILE APPLICATION TO PROCEED IN FORMA PAUPERIS, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE** <br><br> **(ECF Nos. 11 and 12)** <br><br> **FOURTEEN (14) DAY OBJECTION DEADLINE** |

Plaintiff is a state hospital detainee proceeding pro se in a civil rights action filed pursuant to 42 U.S.C. § 1983. On March 7, 2016, he filed an application to proceed in forma pauperis by a prisoner. (ECF No. 8.) On April 25, 2016, the Court ordered Plaintiff to file a non-prisoner application to proceed in forma pauperis, or to pay the $400 filing fee within thirty days. (ECF No. 11.) Plaintiff has not done so.

Additionally, on May 2, 2016, the Court screened Plaintiff's complaint and dismissed it with leave to amend on the ground his claims were barred by Heck v. Humphrey, 512 U.S. 477, 489 (1994). Plaintiff failed to file an amended complaint or notice of voluntary dismissal as ordered by the Court.

Based on these failures, on June 10, 2013, the Court ordered Plaintiff to show cause why the action should not be dismissed for failure to pay the filing fee or application to proceed in forma pauperis, failure to obey a court order, and failure to prosecute. (ECF No. 13.) Plaintiff did not respond and the time for doing so has passed.

A civil action may not proceed absent the submission of either the filing fee or a completed application to proceed in forma pauperis. 28 U.S.C. §§ 1914, 1915. Based on Plaintiff's failure to submit the appropriate application to proceed in forma pauperis or pay the applicable filing fee, dismissal of this action is appropriate. See In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006); Local Rule 110.

Dismissal also is appropriate due to Plaintiff's failure to timely file an amended complaint. Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate, default or dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey

1  a court order, or failure to comply with local rules, the Court must consider several
2  factors: (1) the public's interest in expeditious resolution of litigation, (2) the Court's need
3  to manage its docket, (3) the risk of prejudice to the defendants, (4) the public policy
4  favoring disposition of cases on their merits, and (5) the availability of less drastic
5  alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833
6  F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

7  In the instant case, the public's interest in expeditiously resolving this litigation
8  and the Court's interest in managing its docket weigh in favor of dismissal. The third
9  factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a
10 presumption of injury arises from the occurrence of unreasonable delay in prosecuting
11 this action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor --
12 public policy favoring disposition of cases on their merits -- is greatly outweighed by the
13 factors in favor of dismissal discussed herein. Finally, as for the availability of lesser
14 sanctions, at this stage in the proceedings there is little available which would constitute
15 a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not
16 paid the filing fee for this action and is likely unable to pay, making monetary sanctions
17 of little use.

18 Accordingly, it is HEREBY RECOMMENDED THAT this action be dismissed
19 without prejudice for failure to pay the filing fee or file a completed application to proceed
20 in forma pauperis, failure to obey a court order, and failure to prosecute.

21 The findings and recommendations will be submitted to the United States District
22 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).
23 Within fourteen (14) days after being served with the findings and recommendations, the
24 parties may file written objections with the Court. The document should be captioned
25 "Objections to Magistrate Judge's Findings and Recommendations." A party may
26 respond to another party's objections by filing a response within fourteen (14) days after
27 being served with a copy of that party's objections. The parties are advised that failure to
28 file objections within the specified time may result in the waiver of rights on appeal.

3

Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

| Dated: | June 29, 2016 | /s/ *Michael J. Seng* |
|---|---|---|
| | | UNITED STATES MAGISTRATE JUDGE |